## ANNE POWELL *vs.* JOHN DEVENEY.

The defendant's servant, instead of placing his master's truck in the yard provided for it, where he had been directed to leave it on the termination of his day's work, left it standing by the sidewalk in a public street, which was twenty-six feet in width between the curb-stones, with the shafts shored up or supported in the customary manner by a plank: At the same time, on the other side of the street, and nearly opposite to the defendant's truck, a loaded truck, with the horses attached thereto, not belonging to the defendant, had been temporarily left and was then standing, at the distance of from four to six feet from the curb-stone on

Powell *v.* Deveney.

that side, leaving a sufficient space between the two trucks for a third to pass between them: While the two were thus standing, the driver of a third truck not belonging to the defendant attempted to pass between them, and, in so doing, conducted himself with ordinary prudence and reasonable care, and exercised a sound discretion in determining whether the attempt could be made with safety to persons lawfully using the street, but, notwithstanding, drove his truck against the defendant's, and in consequence of the collision the shafts of the latter were thrown from the plank on which they were supported, and at the same time whirled round on to the sidewalk, on which the plaintiff was then passing, and struck and knocked her down, and broke her leg: It was held, that the defendant was liable in an action on the case, for the injury sustained by the plaintiff.

This was an action of trespass on the case, tried before *Cushing*, J., in the court of common pleas, for the recovery of damages sustained by the plaintiff, in consequence of an injury received by her under the circumstances, which the evidence in the case tended to establish, and which were stated as follows in the defendant's bill of exceptions: —

The defendant was the owner of trucks and horses, used and kept by him in the city of Boston, for the purpose of there carrying on the business of trucking, he himself residing in a neighboring town. For the purposes of his business, he had hired and was in the occupation of a lot of land near his stables in Boston, on which to keep his trucks during the night, and had given orders to his servants to deposit his trucks there accordingly.

On the day of the injury complained of, one of the defendant's servants, at the close of his day's work, instead of depositing his truck on the lot of land alluded to, left it, as he had often done before, in disregard of his master's orders, standing in Medford street, one of the public streets of Boston, which was twenty-six feet in width between the curb-stones.

The truck was left standing alongside the curb-stone, on one side of the street, with the shafts shored up or supported by a stick or plank, as is customary; and was so left by the defendant's servant, as a permanent arrangement for the night.

A few minutes before the defendant's servant had thus placed his truck, another truckman, (not a servant of the defendant, or in his employ,) who had been loading his truck

with shooks, drove it into the same street, and placed it on the other side, and left it there, while he returned to a neighboring yard to assist in loading another team; and it was nearly opposite to this loaded truck that the defendant's servant left his master's truck, as above mentioned.

Between the trucks, as thus placed, there was room sufficient for another truck to pass; though the loaded truck, by reason of some rubbish or other obstruction, was not placed immediately against the curb-stone, but at the distance of from four to six feet from it.

While the two trucks (the defendant's and the loaded one) were thus standing, the driver of a third truck, belonging to one Moore, attempted to pass with his truck between them; and in so doing drove his truck against that of the defendant. In consequence of this collision, the shafts of the defendant's truck were thrown from off the stick or plank on which they were supported, and at the same time whirled round on to the sidewalk, on which the plaintiff was then passing, and struck and knocked her down, and broke her leg.

The plaintiff, who was of tender years, was at the time returning from a shop in the neighborhood, to which she had been sent on an errand by her mother. The accident took place during the twilight, in the early part of the evening.

Upon this evidence the counsel for the defendant contended : —

1. That teams had a right to be and remain in the public highway, for certain purposes, for a reasonable time, which reasonable time, by a by-law of the city, had been fixed at one hour; and that as the defendant's truck had not occupied the street for that length of time when the accident occurred, the defendant was not liable therefor.

2. That as the defendant's servant had placed his master's truck in the street contrary to and in violation of the instructions given him beforehand, he was not then acting as the agent of his master, in the discharge of his duty, or in the performance of his master's business; but that his proceeding in this respect was a wilful act of his own, for which he was himself solely liable.

3. That according to the true rule of law applicable to the case, the defendant was responsible only for the natural and proximate effects of his acts; that the placing of the defendant's truck in the street was not the natural cause of the accident, for no reasonable being would presume such a result from such a cause; that it was not the proximate cause, inasmuch as the proximate cause was the driving of Moore's team between the two other trucks, for if the space between was wide enough to pass through, it was the carelessness of Moore's driver to hit or come in contact with the defendant's truck; and if the space between was not wide enough for Moore's team to pass through, then it was worse than carelessness on the part of his driver to attempt to pass; and the burden of proof in regard to the driving of Moore's team was on the plaintiff.

In reference to these several points the jury were instructed : —

1. That the proper use of highways and streets was for the purpose of passing and repassing, and other incidental purposes, but not as a place of deposit for vehicles when not in use ; and that as the defendant's truck was without horses, and was left standing in the street for the purpose of remaining there during the night, this was in fact using the street for a yard, which the defendant had no right to do.

2. That the placing of the defendant's truck in a proper place during the night, was a part of the duty of the defendant's servant, on the completion of his day's work, and was in the ordinary course of his master's business ; that it was accordingly in the course of that business that the truck was left by the servant in Medford street; that it was the duty of the servant, in obedience to his master's instructions, to have placed the truck in the yard provided for it; and that for the result of a neglect on the part of the servant to do his duty in this respect, the master was liable.

3. That the defendant was liable for such injuries only as were the natural and proximate results of his acts ; that the jury should inquire, in the first place, whether the plaintiff

was legally and properly in the street, that is, for the purposes of using it as such ; that if so, and while there, and in the immediate vicinity of the two trucks above mentioned, Moore's servant, with his master's team, attempted to drive through between them, the servant had a right to do so, but was bound to conduct himself with ordinary prudence and reasonable care, and to exercise a sound discretion in determining whether the attempt could be made with safety to persons lawfully using the street; that if, in the exercise of such care, prudence and discretion, he made an attempt to pass through, which resulted in the injury sustained by the plaintiff, then, inasmuch as the defendant's truck was unlawfully in the street, that was to be regarded as the natural and proximate cause of the injury ; and the burden of showing the exercise of proper care, prudence and discretion on the part of Moore's servant was on the plaintiff.

The jury having returned a verdict for the plaintiff under these instructions, the defendant thereupon alleged exceptions.

*J. C. Park*, for the defendant.

*G. D. Wilmot*, for the plaintiff.

Fletcher, J.    This case comes before the court upon exceptions taken to the instructions to the jury by the judge in the court below.    To the instruction, that the defendant had no right to have his truck standing in the street, for the purpose of remaining there during the night, there surely can be no valid exception.    The reasoning, contained in the instruction on this point, is clear and conclusive.    Besides, if the defendant might have rightfully kept his truck in the street, the manner in which it was kept there, with the shafts raised up, so as to be liable to swing round, and sweep the sidewalk, was manifestly so dangerous and improper, that the defendant would be liable for any injury which might be occasioned by reason of leaving the truck in that position.

The instruction, that the defendant was liable for the act of his servant, in leaving the truck in the street, though di rected to place it upon the lot orovided for the purpose, was

clearly correct. The servant was rightfully in possession of the truck, and being thus rightfully in possession, and about his master's business, the master must be responsible for his neglect, in improperly leaving the truck in the street.

The defendant can no more be exempted from liability, because his servant disobeyed his orders in not placing his truck on the lot provided for it, than a master can be exempted from liability, for damage done by his servant in driving carelessly against a carriage, when he has been ordered to drive carefully, and to avoid coming in contact with any carriage. The servant being about the business of his master, the master must be responsible for his acts, and cannot exempt himself by any order he may give the servant.

The instruction, as to the third point, was certainly sufficiently favorable to the defendant. The jury have found, under this instruction, that there was no culpable negligence on the part of Moore's servant; so that it is found, in point of fact, that the negligence of the defendant's servant, in carelessly and improperly leaving the truck in the street, was the sole and whole cause of the injury which the plaintiff has suffered.

The principles of law, applicable to this case, are so simple and familiar, that a more particular examination or illustration of them is quite unnecessary. The whole subject is most thoroughly examined in the case of *Lynch* v. *Nurdin*, 1 Ad. & Ell. N. S. 29. The principles of law, as established in that case, fully sustain the instructions to the jury, given by the court below, and clearly warrant a judgment upon the verdict, in favor of the plaintiff in the present case.

*Exceptions overruled, and judgment on the verdict.*